1  Hussain D. Vahidallah Ph.D., FICPP
   7505 Gayneswood way San Diego CA 92139
2  Tel & Fax (619) 479-4212

FILED
2008 MAY 29 PM 1:51

3              UNITED STATES DISTRICT COURT

4              SOUTHERN DISTRICT OF CALIFORNIA        BY _____KWH_____ DEPUTY

5

6  Hussain D. Vahidallah            )   Case No. 08 CV 0843 L JMA
                                    )
7          Plaintiff,                )   Complaint for Misrepresentation, discrimination and
                                    )   violation of the Americans with Disabilities Act
8      vs.                          )   ("ADA").
                                    )
9  Center for Medicare and Medicaid Service-CMS  )   Proceed IN forma
                                    )   Pauperi's pursuant to
10 7500 Security Blvd Baltimore MD  )   28 U.S.C. § 1915 (a)
                                    )
11 21244-1850                       )
                                    )
12 (410) 786-0727                   )
                                    )
13 Defendant

14  _____

15

16  To the United States District Court, of Southern California, comes now, Hussain D. Vahidallah, called "plaintiff."

17  And Center for Medicare called Defendant.

18  With all my respects to the Federal Court Plaintiff Hussain D. Vahidallah alleges: In forma pauperis pursuant to 28

19  U.S.C.§ 19 15 (a). See Rodriguez v. Cook, 169 F. 3d 1176, 117(9th Cir.1999). Plaintiff is a low-income disabled

20  individual I am qualified for the Zero % Deferred. Please see enclosed exhibit D &E.

21  I went to small claim complaint abut Medicare in regard Co-payments for my medicines, small claim office said

22  this case defendant are Federal and small claim does not have jurisdiction for Federal case go to Federal Court. I came

23  to Federal Court. I am disabled and received disability and all disable should not pay Co- payments, no madder is $

24  3.10 or $ 1.5 because are income is not enough for one months that was before and SSA verbally or written announce

25  disable low income should not co pet but Medicare and Medical does not pay attention to SSA. Therefore

    in regard to my arthritis and problem on right lake I should take these medication:

Summary of Pleading - 1

1. 1- 1500 mg Calcium take daily
2. 2- Ginkgo Biloba 60 mg take 2 time daily
3. 3- Triple Energy Ginsengs with eleuthero 300 mg two capsule take 2 time daily
4. 4 – B- Complex one capsule night

And those it is require with out of that I can not living . But Medicare and Medical insurance does not pay for that 4 item's and it is monthly $ 100 I have to pay.

I am on Medicare insurance and all the time Medicare and Medical pay may medicine through Medicare, even part of physical year 2006 but year 2007 Medicare refused. I did call Social Security and they research and said and written you qualify for zero pay. I call Medicare many time they ignored or refused me and Social Security sent to me these documents. Please see enclosed .

Where a plaintiff appears in pro se in a civil rights case, the court must construe the Pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dept., 839F. 2 2d 621 at 623 (9th Cir. 1988). The Rule of liberal construction is "particularly important in civil rights case."Ferdik V. Bonselet, 963 F. 2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." Ivey v. Board of Regents of the University o f Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

    To set up a prima face case under 42 U.S.C. § 1983 plaintiff alleged (1) the action complained of occurred"under color of law," and (2) the action resulted in deprivation of a constitutional right or a federal statutory right.Azer v. Connell, 306 F. 3d 930, 935 (9th Cir. 2002); McDade v. West, 223 F. 3d 1135, 1139(9th Cir. 2000) (citingParatt v. Williams, 474 U.S. 327, 330-31 (19860)). Such conclusory allegations fail to state a claim for violation of § 1983. Jones, 733 F. 2d at 649 .

Claim under 42 U.S.C. § 1983

    Section 1983 imposes liability upon any person who, acting under color of state law, deprives another of a Federally protected right. 42 U.S.C. § 1983 (1982). "To make out a cause of action under section 1983, Plaintiffs Must Plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the

Constitution or Federal statutes." Gibson v. United State, 781 F.2d 1334, 1338 (9th Cir. 1986).[**6]

Therefore, Defendants violated § 1983 by depriving plaintiff of the Federal statutory rights provided by § 1981. Defendant violated § 1983 by discriminating against plaintiff due to his disability, which deprived Plaintiff Of his rights under the ADA. Plaintiff alleged extra adequately that Defendant took action resulting in a deprivation of a constitutional or federal statutory right. Plaintiff assert any facts showing how the discrimination entered into any of Defendant actions or decisions. Plaintiff alleged that Defendants breached the contract as a result of discrimination based on my disability. Plaintiff made clearly actions and decisions were infected by discrimination

### Violation of 42 U.S.C.§ 1983

Plaintiff alleging in the original complaint's § 1983 claim. To establish a prima face case under § 1983 plaintiff assert (1) the action complained of occurred "under color of law" and (2) the action resulted in a deprivation of a constitutional right or a federal statutory right. Azer v. Connell, 306 F.3d 935 (9th Cir. 2002) (citing McDade v. Wes, 223 F. 3d 1135, 1139(9th Cir. 2000)).

Plaintiff assert my Federal right which were violated are civil right act 1964 (42 U.S.C.1981). That mean is Defendant's violated § 1983 deprived plaintiff Federal statutory right provided by § 1981.

I am respectfully request penalty damage for year 2006 and 2007 which I paid $ 1440 **and no drug – Co –payments.**

I declare under penalty of perjury that the above is true and correct.

Hussain D. Vahidallah Ph.D., FICPP   Date November    , 2005

*[signature]*

Dated May 29, 2008

Summary of Pleading - 3

Phone # 619-479-4212

Exh. E

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSAIN D. VAHIDALLAH,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>SAN DIEGO HOUSING COMMISSION, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 07 CV 0371 JM (CAB)<br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE AND GRANTING LEAVE TO AMEND |

　　　　Defendants San Diego Housing Commission and Juan Galvan move to dismiss the second amended complaint ("SAC") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Plaintiff filed an untimely opposition to the motion on February 19, 2008. The court finds this motion appropriate for submission without oral argument. See Civ. L.R. 7.1(d)(1). For the reasons set forth below, the court **GRANTS** the motion to dismiss without prejudice for failure to state a claim, and **GRANTS** leave to amend.

I.   **BACKGROUND**

　　　　Plaintiff is a low-income disabled individual who qualified for the Zero Percent Deferred Payment Loan Program offered by defendant San Diego Housing Commission ("SDHC"). (Mot. to Dismiss at 1-2.) He receives Social Security disability payments and is allegedly disabled within the meaning of the Americans with Disabilities Act. (SAC at 13.) Defendants note that Plaintiff is a state-designated vexatious litigant. (Mot. to Dismiss at 2.)

FILED
03 OCT 29 PM 3: 28
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
                                    DEPUTY

Exh. D

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSAIN VAHIDALLAH,<br><br>   Plaintiff,<br><br>v.<br><br>PROFESSIONAL EXAMINATION SERVICE,<br><br>   Defendant. | Civil No. 03cv1800 J (AJB)<br><br>ORDER:<br><br>(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*;<br><br>(2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL; and<br><br>(2) DISMISSING COMPLAINT WITHOUT PREJUDICE UNDER 28 U.S.C. § 1915(e)(2)(B). |

Hussain Vahidallah ("Plaintiff"), a nonprisoner proceeding without counsel, has submitted a complaint pursuant to 42 U.S.C. § 1981. Plaintiff has not paid the $150 civil filing fee required to commence this action, but rather, has filed (1) a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and (2) a request for appointment of counsel under 42 U.S.C. § 2000e-5(f)(1).

**A. Motion to Proceed *In Forma Pauperis***

A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his assets, showing that he is unable to pay filing fees. 28 U.S.C. § 1915(a). Plaintiff has submitted an affidavit which sufficiently

EEOC

1

ENTERED ON 10-31-03

03cv1800 J (AJB)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

HUSSAIN D. VAHIDALLAH )
)
)
Plaintiff )
)
vs. )
Center for Medicare & Medicaid ) Services
7500 Security Blvd Baltimore MD )
21214-1850 )
)
Defendant )

NO. 08CV0843 L JMA

DECLARATION OF SERVICE

Person served: _____

_____

Date served: May 29, 2008

_____

I, The undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:

_____

In the following manner: (check one below)

1) ___ By personally delivering copies to the person served.

2) ___ By leaving, during usual office hours, copies in the office of the person served with the _____ who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

3) ___ By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his/her office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4) ✓ By placing a copy in a separate envelope, with postage fully prepaid, for **each address named below** and depositing each in the U.S. Mails at San Diego, Ca on _____.
National City

_____
_____
_____

Executed on 5/29/2008, 200_ at San Diego, California

Manuel M. ____

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HUSSAIN D. VAHIDALLAH,<br><br>                         Plaintiff,<br>vs.<br><br>CENTER FOR MEDICARE AND<br>MEDICAID SERVICE - CMS,<br><br>                         Defendant. | CASE NO. 08cv843-L (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*** |
|---|---|

    Plaintiff Hussain D. Vahidallah filed a complaint claiming that Defendant denied him Medicare benefits in violation of the Americans with Disabilities Act.  Concurrently he filed a Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *in Forma Pauperis* ("IFP Motion").  For the reasons which follow, Plaintiff's IFP Motion is **DENIED**.

    All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Plaintiff's declaration is incomplete.  For example, Plaintiff has not provided all the information requested in items no. 2, 4, 6, 7 and 9.

Plaintiff's IFP Motion is therefore **DENIED**, and the complaint is **DISMISSED** without prejudice. Pursuant to this order, Plaintiff is granted 60 days' leave to pay the filing fee required to maintain this action pursuant to 28 U.S.C. § 1914, or to submit the required information regarding his financial status. **IF PLAINTIFF CHOOSES TO FILE ADDITIONAL INFORMATION REGARDING HIS POVERTY, HE MUST ATTACH A COPY OF THIS ORDER.**

**IT IS SO ORDERED**.

DATED: May 12, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

- 2 -

08cv843